IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MSTG, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RESEARCH IN MOTION LIMITED, | ) |
| | ) |
| | ) |
| Defendant. | ) |

FILED: DECEMBER 30, 2008
08 CV 7411
JUDGE COAR
MAGISTRATE JUDGE MASON
BR

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MSTG, Inc. ("MSTG") complains of defendant Research In Motion Limited ("RIM") as follows:

## NATURE OF LAWSUIT

1.     This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

## PARTIES AND PATENTS

2.     MSTG is a South Korean corporation with a principal place of business at 201 Dongsung Building, 553-1 Dogok-dong, Gangnam-gu, Seoul, Republic of Korea. MSTG is a technology company involved in the development of mobile standard-related technologies and the licensing of intellectual property rights associated with such technologies, including those covered by the patent rights being asserted in this lawsuit.

3.     MSTG owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 5,920,551, entitled "Channel Structure With

Burst Pilot In Reverse Link" ("the '551 patent" and attached as Exhibit A), United States Patent No. 6,219,374, entitled "Structure Of A Coherent Dual Channel QPSK Transceiver Using Pilot Symbols In A Code Division Multiple Access System" ("the '374 patent" and attached as Exhibit B), and United States Patent No. 7,151,756, entitled "Hard Handoff Method Between An Asynchronous CDMA System And A Synchronous CDMA System" ("the '756 patent" and attached as Exhibit C) (collectively "the patents-in-suit").

4.      The technologies and inventions claimed and described in the patents-in-suit were conceived and developed by scientists and engineers of the famous Electronics and Telecommunications Research Institute of the Republic of Korea ("ETRI").  ETRI was established in 1976 as a not-for-profit, government-funded research organization located in Daejon, South Korea.  It is South Korea's biggest government-funded information and communication technology research institute, with more than 90% of its researchers having masters or doctoral degrees.

5.      RIM is a Canadian company with its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8.  RIM does substantial business in this judicial district and provides the products and services accused of infringement in this judicial district including, but not limited to, those associated with RIM's mobile handset products sold or marketed under the names "BlackBerry Bold," "BlackBerry 9000," and "BlackBerry 9530 Storm."

6.      This Court has personal jurisdiction over RIM by virtue of its respective tortious acts of patent infringement which have been committed in the State of Illinois

and in this judicial district and by virtue of its regular and systematic transaction of business in the State of Illinois.

**VENUE**

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

**ACTS OF PATENT INFRINGEMENT**

8.      RIM has infringed one or more claims of the patents-in-suit through, among other activities, the use, importation, sale and/or offer for sale of products, services and technology employing the inventions of the claims of the '551 patent, '374 patent and '756 patent.  RIM has also knowingly and intentionally induced others to infringe (such as their customers and users in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement.  RIM has also knowingly contributed to customer/end-user infringement within the meaning of 35 U.S.C. § 271(c).

9.      The acts of infringement of the patents-in-suit by RIM has injured MSTG, and MSTG is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

10.      The infringement of the patents-in-suit by RIM has injured and will continue to injure MSTG, including its ability to license its patents, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use, offers for sale and/or sale of the accused products and services of RIM that are covered by the claims of the patents-in-suit.

## NOTICE, KNOWLEDGE AND WILLFULNESS

11.     MSTG has complied with all applicable provisions of 35 U.S.C. § 287 regarding marking and notice of the patents-in-suit.

12.     RIM's infringement has occurred with knowledge of the patents-in-suit and willfully and deliberately in violation of 35 U.S.C. § 284.   For example, RIM was given actual notice of the patents-in-suit on or about July 25, 2008, when MSTG sent a package of materials regarding the MSTG patents to RIM.  Included was a copy of each of the patents-in-suit, claim charts and an explanation of how the patents related to RIM's products.  Even after receiving the July 25, 2008 letter and subsequent follow-up correspondence by MSTG, RIM has failed to adequately respond to MSTG's allegations of infringement and, upon information and belief, has not taken necessary steps to avoid infringement.   Instead, RIM has continued to infringe the patents-in-suit, in an objectively reckless manner, with complete disregard of MSTG's rights in the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MSTG, asks this Court to enter judgment against RIM and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A.     An award of damages adequate to compensate MSTG for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents-ins-suit began;

B.     An award to MSTG of all remedies available under 35 U.S.C. §§ 284 and 285;

C. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the patents-in-suit; and,

D. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

MSTG requests a trial by jury on all issues so triable.


Dated: December 30, 2008

/s/ Raymond P. Niro
Raymond P. Niro (rniro@nshn.com)
Christopher J. Lee (clee@nshn.com)
David J. Mahalek (mahalek@nshn.com)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Attorneys for Plaintiff MSTG, Inc.