IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MSTG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08 CV 7411 |
| | ) | |
| v. | ) | Honorable David H. Coar |
| | ) | Magistrate Judge Mason |
| RESEARCH IN MOTION LIMITED, | ) | |
| APPLE INC., UNITED STATES | ) | |
| CELLULAR CORPORATION d/b/a | ) | JURY TRIAL DEMANDED |
| U.S. CELLULAR, CELLCO | ) | |
| PARTNERSHIP d/b/a VERIZON | ) | |
| WIRELESS, and AT&T MOBILITY LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MSTG, Inc. ("MSTG") complains of defendants, Research In Motion Limited ("RIM"), Apple Inc. ("Apple"), United States Cellular Corporation d/b/a U.S. Cellular ("U.S. Cellular"), Cellco Partnership d/b/a Verizon Wireless ("Verizon"), and AT&T Mobility LLC ("AT&T") as follows:

## NATURE OF LAWSUIT

1.      This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq.  This Court has exclusive jurisdiction over the subject matter of this Second Amended Complaint under 28 U.S.C. § 1338(a).

## PARTIES AND PATENTS

2.      MSTG is a South Korean corporation with a principal place of business at 201 Dongsung Building, 553-1 Dogok-dong, Gangnam-gu, Seoul, Republic of Korea.

MSTG is a technology company involved in the development of mobile standard-related technologies and the licensing of intellectual property rights associated with such technologies, including those covered by the patent rights being asserted in this lawsuit.

3.     MSTG owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 5,920,551, entitled "Channel Structure With Burst Pilot In Reverse Link" ("the '551 patent" and attached as Exhibit A), United States Patent No. 6,198,936, entitled "Method for Transmitting and Receiving Control Plane Information Using Medium Access Control Frame Structure for Transmitting User Information through an Associated Control Channel" ("the '936 patent" and attached as Exhibit B), and United States Patent No. 6,438,113, entitled "Method for Sharing an Associated Control Channel of Mobile Station User in Mobile Communication System" ("the '113 patent" and attached as Exhibit C) (collectively "the patents-in-suit").  The patents-in-suit are directed to various aspects of what is commonly known as "3G" mobile telecommunication technology.

4.     The technologies and inventions claimed and described in the patents-in-suit were conceived and developed by scientists and engineers of the world-renown Electronics and Telecommunications Research Institute of the Republic of Korea ("ETRI").  ETRI was established in 1976 as a not-for-profit, government-funded research organization located in Daejon, South Korea.  It is South Korea's biggest government-funded information and communication technology research institute, with more than 90 percent of its researchers having masters or doctoral degrees.

5.     RIM is a Canadian company with its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8.  RIM does substantial business in this

judicial district and provides the products and services accused of infringement in this judicial district including, but not limited to, those associated with RIM's mobile handset products sold or marketed under the names "BlackBerry Bold 9000," "BlackBerry Curve 8330," "BlackBerry Pearl 8130," "BlackBerry 8830", and "BlackBerry Storm 9530". RIM's BlackBerry branded mobile handset products are sold and/or offered for sale throughout this judicial district at retail outlets such as those of AT&T, U.S. Cellular and Verizon.

6.    Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple does substantial business in this judicial district and provides the products and services accused of infringement in this judicial district including, but not limited to, those associated with Apple's mobile handset products sold or marketed under the names "iPhone 3G" and "iPhone 3GS." Such products and services are sold and/or offered for sale at numerous Apple stores located within this judicial district, including one such store located at 679 North Michigan Avenue, Chicago, Illinois 60611, as well as through retail outlets such as AT&T and Best Buy.

7.    U.S. Cellular is a Delaware corporation with its principal place of business at 8410 West Bryn Mawr Avenue, Suite 700, Chicago, Illinois 60631.  In addition to having its principal place of business in this judicial district, U.S. Cellular does substantial business in this judicial district by, among other things, operating wireless telecommunications systems and providing the wireless handset products and wireless services accused of infringement in this judicial district.  Such products and services are sold and/or offered for sale at numerous U.S. Cellular stores located within this judicial

district, including one such store located at 48 South Clark Street, Chicago, Illinois 60603.

8.     Verizon is a Delaware general partnership with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920.  Verizon does substantial business in this judicial district by, among other things, operating wireless telecommunications systems and providing the wireless handset products and wireless services accused of infringement in this judicial district.  Such products and services are sold and/or offered for sale at numerous Verizon stores located within this judicial district, including one such store located at 36 South State Street, Chicago, Illinois 60604.

9.     AT&T is a Delaware limited liability corporation with its principal place of business at Glendale Heights Two, 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T does substantial business in this judicial district by, among other things, operating wireless telecommunications systems and providing the wireless handset products and wireless services accused of infringement in this judicial district.  Such products and services are sold and/or offered for sale at numerous AT&T stores located within this judicial district, including one such store located at 168 North State Street, Chicago, Illinois 60601.

10.     This Court has personal jurisdiction over the defendants by virtue of their respective tortious acts of patent infringement which have been committed in the State of Illinois and in this judicial district and by virtue of their regular and systematic transaction of business in the State of Illinois.

## VENUE

11.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## PATENT INFRINGEMENT

12.    RIM has infringed one or more of the claims of the '551 patent through, among other activities, its manufacture, use, importation, sale and/or offer for sale of products, services and technology employing the inventions of one or more of the claims of the '551 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States "3G" or Third Generation mobile technology compliant or capable mobile cellular devices (including, without limitation, mobile phones, handsets, smartphones, personal digital assistants, and/or broadband wireless data cards) which utilize, comply with and/or otherwise are compatible for use with one or more of the following mobile cellular telecommunications network interfaces, technologies or protocols:  Universal Mobile Telecommunications System (UMTS), Wideband Code Division Multiple Access (W-CDMA), High-Speed Downlink Packet Access (HSDPA), CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x, CDMA2000 EV-DV, and any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom (collectively "RIM 3G mobile devices"), including, but not limited to, the "BlackBerry Bold 9000," "BlackBerry Curve 8330," "BlackBerry Pearl 8130," "BlackBerry

8830", and "BlackBerry Storm 9530". Such acts of infringement also include making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States any and all physical and/or structural components of any network (such as base transceiver systems, base station controllers, base station subsystems, Node Bs, mobile switching centers, radio network controllers and radio network subsystems) which utilize, comply with and/or otherwise are compatible for use with any UMTS, W-CDMA, HSDPA, CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x or CDMA2000 EV-DV based mobile cellular telecommunications network (including any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom) and with which the RIM 3G mobile devices are used, intended for use and/or are otherwise compatible (collectively "RIM 3G mobile cellular telecommunications network components").

13.     RIM has also committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, '936 patent, and the '113 patent, knowing and intentional inducement of infringement of one or more of the claims of the '551 patent, '936 patent, and the '113 patent by others within the meaning of 35 U.S.C. § 271(b) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced RIM 3G mobile devices and RIM 3G mobile cellular telecommunications network components.

14.     RIM has also committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, '936 patent, and the '113 patent, acts of contributory infringement of the '551 patent, '936 patent, and the '113 patent within the meaning of 35 U.S.C. § 271(c) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced RIM 3G mobile devices and RIM 3G mobile cellular telecommunications network components.

15.     Apple has infringed one or more of the claims of the '551 patent through, among other activities, its manufacture, use, importation, sale and/or offer for sale of products, services and technology employing the inventions of one or more of the claims of the '551 patent in the United States within the meaning of 35 U.S.C. § 271(b) and (c) as further alleged in Paragraphs 16 and 17, below.  Such acts of infringement include making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States "3G" or Third Generation mobile technology compliant or capable mobile cellular devices (including, without limitation, mobile phones, handsets, smartphones, personal digital assistants, and/or broadband wireless data cards) which utilize, comply with and/or otherwise are compatible for use with one or more of the following mobile cellular telecommunications network interfaces, technologies or protocols:  Universal Mobile Telecommunications System (UMTS), Wideband Code Division Multiple Access (W-CDMA), High-Speed Downlink Packet Access (HSDPA), CDMA2000 EV-DO,

CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x, CDMA2000 EV-DV, and any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom (collectively "Apple 3G mobile devices"), including, but not limited to, the "iPhone 3G".  Such acts of infringement also include making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States any and all physical and/or structural components of any network (such as base transceiver systems, base station controllers, base station subsystems, Node Bs, mobile switching centers, radio network controllers and radio network subsystems) which utilize, comply with and/or otherwise are compatible for use with any UMTS, W-CDMA, HSDPA, CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x or CDMA2000 EV-DV based mobile cellular telecommunications network (including any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom) and with which the Apple 3G mobile devices are used, intended for use and/or are otherwise compatible (collectively "Apple 3G mobile cellular telecommunications network components").

16.    As alleged in Paragraph 15, above, Apple has committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, the '936 patent, and the '113 patent, knowing and intentional inducement of infringement of one

or more of the claims of the '551 patent, the '936 patent, and the '113 patent by others within the meaning of 35 U.S.C. § 271(b) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced Apple 3G mobile devices and Apple 3G mobile cellular telecommunications network components.

17.     As alleged in Paragraph 15, above, Apple has also committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, the '936 patent, and the '113 patent, acts of contributory infringement of the '551 patent, the '936 patent, and the '113 patent within the meaning of 35 U.S.C. § 271(c) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced Apple 3G mobile devices and Apple 3G mobile cellular telecommunications network components.

18.     U.S. Cellular has infringed one or more of the claims of the '551 patent and the '936 patent and the '113 patent through, among other activities, its manufacture, use, importation, sale and/or offer for sale of products, services and technology employing the inventions of one or more of the claims of the '551 patent, '936 patent, and '113 patent in the United States within the meaning of 35 U.S.C. § 271(a).   Such acts of infringement include making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States "3G" or Third Generation mobile technology compliant

or capable mobile cellular devices (including, without limitation, mobile phones, handsets, smartphones, personal digital assistants, and/or broadband wireless data cards) which utilize, comply with and/or otherwise are compatible for use with one or more of the following mobile cellular telecommunications network interfaces, technologies or protocols: Universal Mobile Telecommunications System (UMTS), Wideband Code Division Multiple Access (W-CDMA), High-Speed Downlink Packet Access (HSDPA), CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x, CDMA2000 EV-DV, and any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom (collectively "U.S. Cellular 3G mobile devices"), including, but not limited to mobile devices sold by the other defendants, such as the RIM "BlackBerry Curve 8330," "BlackBerry Pearl 8130," and "BlackBerry 8830".   Such acts of infringement also include making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any UMTS, W-CDMA, HSDPA, CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x or CDMA2000 EV-DV based mobile cellular telecommunications network (including any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom) owned, managed, operated, monitored, tested, serviced, controlled and/or otherwise used by U.S. Cellular with which the U.S. Cellular 3G mobile devices are used, intended for use and/or are otherwise compatible, including, without limitations,

any and all physical and/or structural components of the network (such as base transceiver systems, base station controllers, base station subsystems, Node Bs, mobile switching centers, radio network controllers and radio network subsystems) that are owned, managed, operated, monitored, controlled, serviced, tested, leased and/or otherwise used by U.S. Cellular (collectively "U.S. Cellular 3G mobile cellular telecommunications network(s)").   U.S. Cellular's acts of infringement also include allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any U.S. Cellular 3G mobile cellular telecommunications network with a 3G mobile device.

19.    U.S. Cellular has also committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, knowing and intentional inducement of infringement of one or more of the claims of the '551 patent by others within the meaning of 35 U.S.C. § 271(b) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced U.S. Cellular 3G mobile devices; making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any of the above-referenced U.S. Cellular 3G mobile cellular telecommunications networks; and allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any U.S. Cellular 3G mobile cellular telecommunications network with a 3G mobile device.

20.    U.S. Cellular has also committed and, unless enjoined by this Court or

ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, acts of contributory infringement of the '551 patent within the meaning of 35 U.S.C. § 271(c) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced U.S. Cellular 3G mobile devices; making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any of the above-referenced U.S. Cellular 3G mobile cellular telecommunications networks; and allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any U.S. Cellular 3G mobile cellular telecommunications network with a 3G mobile device.

21.     Verizon has infringed one or more of the claims of the '551 patent, the '936 patent, and the '113 patent through, among other activities, its manufacture, use, importation, sale and/or offer for sale of products, services and technology employing the inventions of one or more of the claims of the '551 patent, the '936 patent, and the '113 patent in the United States within the meaning of 35 U.S.C. § 271(a). Such acts of infringement include making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States "3G" or Third Generation mobile technology compliant or capable mobile cellular devices (including, without limitation, mobile phones, handsets, smartphones, personal digital assistants, and/or broadband wireless data cards) which utilize, comply with and/or otherwise are compatible for use with one or more of the following mobile cellular telecommunications network interfaces, technologies or protocols: Universal

Mobile Telecommunications System (UMTS), Wideband Code Division Multiple Access (W-CDMA), High-Speed Downlink Packet Access (HSDPA), CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x, CDMA2000 EV-DV, and any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom (collectively "Verizon 3G mobile devices"), including, but not limited to mobile devices sold by the other defendants, such as the RIM "BlackBerry Storm 9350," "BlackBerry Curve 8330," "BlackBerry Pearl 8130," and "BlackBerry 8830".  Such acts of infringement also include making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any UMTS, W-CDMA, HSDPA, CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x or CDMA2000 EV-DV based mobile cellular telecommunications network (including any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom) owned, managed, operated, monitored, tested, serviced, controlled and/or otherwise used by Verizon with which the Verizon 3G mobile devices are used, intended for use and/or are otherwise compatible, including, without limitations, any and all physical and/or structural components of the network (such as base transceiver systems, base station controllers, base station subsystems, Node Bs, mobile switching centers, radio network controllers and radio network subsystems) that are owned, managed, operated, monitored, controlled, serviced, tested, leased and/or otherwise used by Verizon (collectively

"Verizon 3G mobile cellular telecommunications network(s)").   Verizon's acts of infringement also include allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any Verizon 3G mobile cellular telecommunications network with a 3G mobile device.

22.     Verizon has also committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, knowing and intentional inducement of infringement of one or more of the claims of the '551 patent by others within the meaning of 35 U.S.C. § 271(b) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced Verizon 3G mobile devices; making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any of the above-referenced Verizon 3G mobile cellular telecommunications networks; and allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any Verizon 3G mobile cellular telecommunications network with a 3G mobile device.

23.     Verizon has also committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, acts of contributory infringement of the '551 patent within the meaning of 35 U.S.C. § 271(c) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the

above-referenced Verizon 3G mobile devices; making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any of the above-referenced Verizon 3G mobile cellular telecommunications networks; and allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any Verizon 3G mobile cellular telecommunications network with a 3G mobile device.

24.    AT&T has infringed one or more of the claims of the '551 patent, the '936 patent and the '113 patent through, among other activities, its manufacture, use, importation, sale and/or offer for sale of products, services and technology employing the inventions of one or more of the claims of the '551 patent, '936 patent, and '113 patent in the United States within the meaning of 35 U.S.C. § 271(a).  Such acts of infringement include making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States "3G" or Third Generation mobile technology compliant or capable mobile cellular devices (including, without limitation, mobile phones, handsets, smartphones, personal digital assistants, and/or broadband wireless data cards) which utilize, comply with and/or otherwise are compatible for use with one or more of the following mobile cellular telecommunications network interfaces, technologies or protocols: Universal Mobile Telecommunications System (UMTS), Wideband Code Division Multiple Access (W-CDMA), High-Speed Downlink Packet Access (HSDPA), CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x, CDMA2000 EV-DV, and any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified

network interfaces, protocols and technologies or derived therefrom (collectively "AT&T 3G mobile devices"), including, but not limited to mobile devices sold by the other defendants, such as the RIM "BlackBerry Bold 9000" and Apple "iPhone 3G".  Such acts of infringement also include making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any UMTS, W-CDMA, HSDPA, CDMA2000 EV-DO, CDMA2000 EV-DO Rev. 0, CDMA2000 EV-DO Rev. A, CDMA2000 EV-DO Rev. B, CDMA2000 3x or CDMA2000 EV-DV based mobile cellular telecommunications network (including any revisions and/or subsequent network interfaces, protocols or technologies which are backward compatible with the identified network interfaces, protocols and technologies or derived therefrom) owned, managed, operated, monitored, tested, serviced, controlled and/or otherwise used by AT&T with which the AT&T 3G mobile devices are used, intended for use and/or are otherwise compatible, including, without limitations, any and all physical and/or structural components of the network (such as base transceiver systems, base station controllers, base station subsystems, Node Bs, mobile switching centers, radio network controllers and radio network subsystems) that are owned, managed, operated, monitored, controlled, serviced, tested, leased and/or otherwise used by AT&T (collectively "AT&T 3G mobile cellular telecommunications network(s)").  AT&T's acts of infringement also include allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any AT&T 3G mobile cellular telecommunications network with a 3G mobile device.

25.    AT&T has also committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that

constitute, with its knowledge of the '551 patent, knowing and intentional inducement of infringement of one or more of the claims of the '551 patent by others within the meaning of 35 U.S.C. § 271(b) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced AT&T 3G mobile devices; making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any of the above-referenced AT&T 3G mobile cellular telecommunications networks; and allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any AT&T 3G mobile cellular telecommunications network with a 3G mobile device.

26.    AT&T has also committed and, unless enjoined by this Court or ceased upon filing of this Second Amended Complaint, will continue to commit acts that constitute, with its knowledge of the '551 patent, acts of contributory infringement of the '551 patent within the meaning of 35 U.S.C. § 271(c) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States the above-referenced AT&T 3G mobile devices; making, using, testing, configuring, offering, marketing, providing, selling and offering to sell systems, products and services in connection with any of the above-referenced AT&T 3G mobile cellular telecommunications networks; and allowing, authorizing or otherwise providing capability and/or access for mobile device users to use any AT&T 3G mobile cellular telecommunications network with a 3G mobile device.

27.    The acts of infringement of the patents-in-suit by the defendants have

injured MSTG, and MSTG is entitled to recover damages adequate to compensate it for such infringement, but, in no event, less than a reasonable royalty.

28.    The acts of infringement of the patents-in-suit by the defendants have injured and will continue to injure MSTG, including its ability to license its patents, unless and until this Court enters an injunction prohibiting further acts of infringement and, specifically, enjoining further use, offers for sale and/or sale of the accused products and services of the defendants that are covered by the claims of the patents-in-suit.

## NOTICE, KNOWLEDGE, AND WILLFULNESS

29.    MSTG has complied with all applicable provisions of 35 U.S.C. § 287 regarding marking and notice of the patents-in-suit.

30.    RIM's infringement has occurred with knowledge of the patents-in-suit and willfully and deliberately in violation of 35 U.S.C. § 284.   For example, RIM was given actual notice of the patents-in-suit on or about July 25, 2008, when MSTG sent a package of materials regarding the MSTG patents to RIM.  Included was a copy of each of the patents-in-suit, claim charts and an explanation of how the patents related to RIM's products.  Even after receiving the July 25, 2008 letter and subsequent follow-up correspondence by MSTG, RIM has failed to adequately respond to MSTG's allegations of infringement and, upon information and belief, has not taken necessary steps to avoid infringement.   Instead, RIM has continued to infringe the patents-in-suit, in an objectively reckless manner, with complete disregard of MSTG's rights in the patents-in-suit.

31.    Apple's infringement has occurred with knowledge of the patents-in-suit

and willfully and deliberately in violation of 35 U.S.C. § 284.   For example, Apple was given actual notice of the patents-in-suit on or about July 25, 2008, when MSTG sent a package of materials regarding the MSTG patents to Apple.   Included was a copy of each of the patents-in-suit, claim charts and an explanation of how the patents related to Apple's products.   Even after receiving the July 25, 2008 letter and subsequent follow-up correspondence by MSTG, Apple has failed to adequately respond to MSTG's allegations of infringement and, upon information and belief, has not taken necessary steps to avoid infringement.   Instead, Apple has continued to infringe the patents-in-suit, in an objectively reckless manner, with complete disregard of MSTG's rights in the patents-in-suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MSTG, asks this Court to enter judgment against each of the defendants and against their respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with the defendants, granting the following relief:

A.     An award of damages adequate to compensate MSTG for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents-in-suit began;

B.     An award to MSTG of all remedies available under 35 U.S.C. §§ 284 and 285;

C.     A permanent injunction prohibiting further infringement, inducement and contributory infringement of the patents-in-suit; and,

D.     Such other and further relief as this Court or a jury may deem

proper and just.

## JURY DEMAND

MSTG requests a trial by jury on all issues so triable.


Dated:  July 30, 2009                    /s/ Christopher J. Lee
                                         Raymond P. Niro (rniro@nshn.com)
                                         Christopher J. Lee (clee@nshn.com)
                                         Lee F. Grossman (LeeGrossman@nshn.com)
                                         David J. Mahalek (mahalek@nshn.com)
                                         Robert A. Conley (conley@nshn.com)
                                         Joseph A. Culig (culig@nshn.com)
                                         NIRO, SCAVONE, HALLER & NIRO
                                         181 West Madison Street, Suite 4600
                                         Chicago, Illinois 60602
                                         (312) 236-0733
                                         **Attorneys for Plaintiff MSTG, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on, July 30, 2009, I electronically filed the foregoing **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for Defendants.

Linda S. DeBruin (ldebruin@kirkland.com)
William E. Devitt (wdevitt@kirkland.com)
Christopher R. Liro (cliro@kirkland.com)
Aaron Lorber (alorber@kirkland.com)
James B. Medek (jmedek@kirkland.com)
Meredith Zinanni (mzinanni@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: 312-861-2000
Fax: 312-861-2200
***Attorneys for Research in Motion Limited***

Herbert H. Finn (finnh@gtlaw.com)
Richard D. Harris (harrisr@gtlaw.com)
Kevin J. O'Shea (osheak@gtlaw.com)
Howard E. Silverman (silvermanh@gtlaw.com)
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Telephone: 312-456-8427
Fax: 312-456-8435
***Attorneys for Cellco Partnership d/b/a Verizon Wireless***

Richard J. O'Brien (robrien@sidley.com)
Rachel D. Sher (rsher@sidley.com)
Sidley & Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: 312-853-7000
Fax: 853.7036
***Attorneys for U.S. Cellular Corporation d/b/a/ U.S. Cellular***

Brian C. Bianco (bbianco@sidley.com)
Douglas I. Lewis (dilewis@sidley.com)
David T. Pritikin (dpritikin@sidley.com)
Laura L. Donoghue (ldonoghue@sidley.com)
Nabeel U. Khan (nkhan@sidley.com)
Sidley & Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: 312-853-7000
Fax: 853.7036
***Attorneys for Apple, Inc. and AT&T Mobility, LLC***

Kenneth H. Bridges
(kbridges@wongcabello.com)
Tom Mavrakakis (mav@wongcabello.com)
Michael T. Pieja (mpieja@wongcabello.com)
Brian C. Kwok (bkwok@wongcabello.com)
Wong, Cabello, Lutsch, Rutherford, & Brucculeri
540 Cowper Street
Palo Alto, CA 94301
Telephone: (650) 681-4478
Fax: (650) 473-9832
***Attorneys for Apple Inc.***

/s Christopher J. Lee