IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MSTG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 C 7411 |
| | ) | |
| v. | ) | Honorable David H. Coar |
| | ) | Magistrate Judge Mason |
| UNITED STATES CELLULAR | ) | |
| CORPORATION d/b/a U.S. CELLULAR | ) | |
| and AT&T MOBILITY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MSTG'S MOTION TO COMPEL U.S. CELLULAR TO PROVIDE
DISCOVERY RELATING TO ITS ACCUSED CDMA2000 1xRTT
CELLULAR TELECOMMUNICATIONS NETWORK**

**I.    INTRODUCTION**

From the outset of this lawsuit, MSTG has made it clear to U.S. Cellular that the patents-in-suit are being infringed as a result of U.S. Cellular's operation of its CDMA2000 cellular telecommunications networks, as well as U.S. Cellular's sale of CDMA2000-compliant mobile devices (including mobile phones, handsets, smartphones, personal digital assistants, wireless broadband data cards, and the like) and cellular services to its subscribers.  U.S. Cellular has owned and operated at least two CDMA2000 networks – its CDMA2000 1xRTT network ("1xRTT" or "1x") and its CDMA2000 EV-DO network ("EV-DO").  Information relating to **both** of these CDMA2000 networks (1xRTT and EV-DO) is clearly relevant to MSTG's claims in this case, clearly discoverable, and clearly within U.S. Cellular's possession.  Despite this undeniable conclusion, with a month left in discovery, U.S. Cellular has now unilaterally determined that, in its opinion, information relating to its 1xRTT network is "neither relevant nor discoverable."  (Ex. A, August 5, 2010 letter from R. O'Brien to C. Lee and D. Hayes).

U.S. Cellular's outright refusal to comply with its discovery obligations in response to MSTG's document requests, interrogatories and noticed Rule 30(b)(6) deposition topics directed to U.S. Cellular's 1xRTT network is severely hampering MSTG's ability to prosecute its claims in this case. As discussed in greater detail herein, there is no valid basis for U.S. Cellular's self-serving relevancy objections. MSTG accordingly requests an order from the Court compelling U.S. Cellular to: (1) produce all documents in its possession, custody or control relating to its 1xRTT network that are responsive to MSTG's requests for production, (2) supplement its responses to MSTG's interrogatories with responsive information pertaining to its 1xRTT network, and (3) provide one or more witnesses in response to MSTG's Rule 30(b)(6) notice of deposition of U.S. Cellular who are prepared to testify in relation to U.S. Cellular's 1xRTT network.

The parties have met and conferred regarding these issues in compliance with Local Rule 37.2. The parties were unable to come to an agreement, prompting MSTG to request the Court to grant the relief sought in this motion.

**II.     MSTG'S DISCOVERY REQUESTS ARE TO BE LIBERALLY CONSTRUED, AND U.S. CELLULAR BEARS THE BURDEN OF DEMONSTRATING WHY THE INFORMATION THAT MSTG SEEKS IS IMPROPER**

In accordance with the Federal Rules, the scope of discovery is to be construed liberally, as is the relevancy of any information being sought by way of a party's discovery requests. *Murata Manufacturing Co., Ltd. v. Bel Fuse Inc.*, 422 F. Supp. 2d 934, 945 (N.D. Ill. 2006). The relevancy standard is satisfied so long as the information being sought "appears reasonably calculated to lead to the discovery of admissible evidence"; the information sought need not be admissible itself. *Allen v. City of Chicago*, No. 09-C-243, 2010 WL 118372, at *2 (N.D. Ill. Jan. 8, 2010); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2005 WL 1300778, at *1

2

(N.D. Ill. Apr. 28, 2005). Patent infringement cases do not provide an exception to these rules. *Murata*, 422 F. Supp. 2d at 945. Indeed, "[i]n patent cases there is a substantial policy for a 'broad type of discovery and duty of full disclosure' in order to reduce the 'maximum amount of evidence.'" *Ropak Corp. v. Plastican, Inc.*, No. 04 C 5422, 2006 WL 1005406, at *1 (N.D. Ill. Apr. 17, 2006).

Here, MSTG is clearly entitled to seek information – technical, financial or otherwise – directed to the accused U.S. Cellular CDMA2000 cellular telecommunications networks, including but not limited to U.S. Cellular's CDMA2000 1xRTT network. Such information is unquestionably relevant to MSTG's claims, even without taking into consideration the fact that relevant information is not limited to that which may ultimately be admissible at trial. Absent a full and complete disclosure by U.S. Cellular of the information being sought by way of MSTG's discovery requests, MSTG is severely limited in its ability to adequately prepare for trial and satisfy its burdens of proving infringement and damages.

U.S. Cellular's self-serving and unsupported characterization regarding the "irrelevant" nature of information pertaining to its CDMA2000 1xRTT network runs completely contrary to the facts of this case. Moreover, because the information sought is clearly relevant, U.S. Cellular cannot merely rest on its contention that the information is "neither relevant nor discoverable," as it bears the burden of showing why MSTG's discovery requests seeking this information are improper. *Trading Techs.*, 2005 WL 1300778 at *1; *Ropak Corp.*, 2006 WL 1005406 at *1 ("If the discovery is relevant, the party objecting to the discovery requests bears the burden of showing why that request is improper.").

3

### III. INFORMATION PERTAINING TO U.S. CELLULAR'S CDMA2000 1xRTT NETWORK IS RELEVANT TO MSTG'S CLAIMS

It is beyond dispute that information pertaining to U.S. Cellular's CDMA2000 1xRTT network is relevant to MSTG's claims in this case. This is clearly evidenced not only by MSTG's actions to date, but by U.S. Cellular's as well.

#### A. MSTG Actions Have Demonstrated That Information Pertaining To U.S. Cellular's CDMA2000 1xRTT Network Is Relevant To MSTG's Claims

MSTG has consistently alleged that U.S. Cellular's CDMA2000 cellular telecommunications networks infringe the asserted claims of the patents-in-suit. By way of example, MSTG's preliminary infringement contentions served almost 10 months ago recite the following:

> U.S. Cellular infringes claims 1 and 4 of the '551 patent under § 271(a) through its use, operation, configuration, control, and testing of its CDMA2000 cellular network.

(Ex. B, Portions from MSTG's October 19, 2009 Disclosure of Asserted Claims and Preliminary Infringement Contentions Regarding Defendant United States Cellular Corporation, at p. 4). It is beyond dispute that U.S. Cellular's 1xRTT network is a CDMA2000 network. U.S. Cellular seemingly admits as much. (*See* Ex. A (referring to CDMA2000 1xRTT)).

As best as MSTG can tell, U.S. Cellular's unsubstantiated relevancy objection appears to be based upon the notion that CDMA2000 1xRTT is somehow not a "3G" technology – the term "3G" used in reference to the third generation of mobile cellular technologies.[1] (*See* Ex. C, July 22, 2010 email from R. O'Brien to D. Hayes and C. Lee) ("We thought MSTG was just accusing 3G at this point. **We have no objection to producing 1x[RTT] too, …**") (emphasis added). To the extent that this is in fact U.S. Cellular's position, it is incorrect. It is a well-known fact that

---

[1] MSTG's infringement contentions are directed in part to "3G" mobile technology compliant or capable cellular devices which utilize, comply with, and/or otherwise are compatible for use with U.S. Cellular's CDMA2000 cellular telecommunication network interfaces, technologies or protocols. (Ex. B, at p. 3).

4

the CDMA2000 platform involves a family of 3G mobile technologies that includes both CDMA2000 1xRTT and CDMA2000 EV-DO, as well as revisions thereof. (*See, e.g.*, Ex. D, CDMA2000, http://en.wikipedia.org/wiki/Cdma2000). A popular web-based dictionary defines the term "CDMA2000" as follows:

> CDMA2000, also known as IMT-CDMA Multi-Carrier **or 1xRTT**, is a code-division multiple access (CDMA) version of the IMT-2000 standard developed by the International Telecommunication Union (ITU). **The CDMA2000 standard is third-generation (3-G) mobile wireless technology**.

(Ex. E, What is CDMA2000? – Definition from Whatis.com, http://searchmobilecomputing.techtarget.com/definition/CDMA2000) (emphases added). As illustrated in the diagram below made available by the CDMA Development Group, CDMA2000 1xRTT (or "1x") networks are certainly 3G technologies:



(Ex. F, CDMA Development Group's CDMA Technology Roadmap (August 2008), at p. 2). The International Telecommunication Union specifically defines the 3G standard as

5

CDMA2000, which includes CDMA2000 1x. (Ex. G, ITU Glossary of Mobile Cellular Terms, at p. 2, http://www.itu.int/osg/spu/ni/3G/technology/SPU%20Mobile%20Glossary%202003.pdf). And publications about CDMA2000 refer to CDMA2000 1xRTT or 1x as 3G: "Although the evolution path of **3G cdma2000-1X systems** is projected to be cdma2000-3X systems…." (Ex. H, Sprint_MSTG0369593-94 (excerpt from L. Korowajczuk et al., *Designing CDMA 2000® Systems* (John Wiley & Sons Ltd. 2004))).

Moreover, U.S. Cellular itself refers to its CDMA2000 1xRTT network as being "3G". By way of example, a 2002 press release that includes statements attributed to U.S. Cellular's then Executive Vice President, Engineering and Chief Technology Officer refers to U.S. Cellular's "select[ion] of Nortel Networks as the primary supplier for its third generation (3G) network upgrade" that would be achieved by the deployment of Nortel's "CDMA2000 1x solution." (Ex. I, "U.S. Cellular Selects Nortel Networks for CDMA2000 1x Network Upgrade", June 18, 2002 Press Release published on 3GNewsroom.com, http://www.3gnewsroom.com/3g_news/jun_02/news_2283.shtml). Documents produced by U.S. Cellular in this litigation even refer to CDMA2000 1xRTT as "3G". (Ex. J, USCC_MSTG619430, USCC_MSTG626379, USCC_MSTG636390, USCC_MSTG639375).

1xRTT is a CDMA2000 technology, which by definition makes it a 3G technology. There is no valid basis for U.S. Cellular to suggest anything to the contrary. With MSTG's infringement allegations clearly being directed to U.S. Cellular's CDMA2000 cellular telecommunications networks and to 3G mobile technology, it is beyond dispute that information pertaining to U.S. Cellular's CDMA2000 1xRTT network is relevant to MSTG's claims in the instant litigation.

### B. U.S. Cellular's Actions Have Demonstrated That Information Pertaining To Its CDMA2000 1xRTT Network Is Relevant To MSTG's Claims

It is also worth noting that, until recently, U.S. Cellular's actions in this litigation have consistently demonstrated that even U.S. Cellular treated its CDMA2000 1xRTT network as directly relevant to this case. As U.S. Cellular admits, it has previously produced a substantial volume of documents during the course of this litigation relating to its CDMA2000 1xRTT network. (Ex. A (identifying over 595,000 pages of U.S. Cellular production documents which "bear on CDMA2000 1x[RTT]" and admitting that it is producing financial documents that include CDMA2000 1x[RTT] information)). Conveniently, U.S. Cellular has most recently tried to "explain away" the basis for its production of these documents, arguing that the production occurred because such documents also contain information that could be of some possible relevance to U.S. Cellular's CDMA2000 EV-DO network. (*Id.*). Even if U.S. Cellular's newfound explanation in this regard possessed some merit (which it does not), that does not change the fact that U.S. Cellular's production of CDMA2000 1xRTT network-related information led MSTG to believe that U.S. Cellular had accepted the information's relevance to MSTG's claims.

It was not until recently that MSTG had reason to believe anything to the contrary. On July 20, 2010, U.S. Cellular agreed that it would supplement its discovery responses to include information relating to service contract revenues associated with the accused CDMA2000 networks. (Ex. K, July 20, 2010 email from R. O'Brien to D. Hayes, C. Lee, and A. Regalado). In light of Verizon Wireless' improper argument that 1xRTT is not a 3G technology in response to MSTG's motion to compel similar information from Verizon Wireless (*see, e.g.*, Dkt. No. 152, at p. 3), and out of an abundance of caution, MSTG's counsel thereafter sent an email seeking confirmation that U.S. Cellular's supplementation would include financial information

7

including that relating to its CDMA2000 1xRTT network. (Ex. C, July 20, 2010 email from D. Hayes to R. O'Brien and D. Mahalek). U.S. Cellular's counsel agreed to provide the requested financial information, including information relating to the CDMA2000 1xRTT network. (*Id.*, July 22, 2010 email from R. O'Brien to D. Hayes and C. Lee) ("We have no objection to producing 1x . . . .").

At the same time, U.S. Cellular's counsel requested a conference call with MSTG's counsel for purposes of discussing some undefined issue relating to 1xRTT. (*Id.*). The requested discussion occurred on July 29, 2010. During that discussion, U.S. Cellular's counsel expressed the view that MSTG had not accused U.S. Cellular's 1xRTT network of infringement. This was news to MSTG – it certainly had not been a position expressed by U.S. Cellular at any prior time in this lawsuit. For example, had this been U.S. Cellular's position from the outset of this case, U.S. Cellular certainly could have stated so in response to MSTG's interrogatory no. 14, which seeks the factual basis for U.S. Cellular's contention that it does not infringe the asserted claims of the patents-in-suit. (Ex. L, U.S. Cellular's 1st Supp. Rsps. to MSTG's First Set of Interrogatories, at pp. 10-11). To date, however, U.S. Cellular has refused to provide any substantive response to the aforementioned interrogatory, simply listing select claim limitations that are purportedly not infringed. (*Id.* at pp. 11-12)

Shortly thereafter, MSTG supplemented its own interrogatory responses with the intent of removing any doubt as to the inclusion of U.S. Cellular's CDMA2000 1xRTT network within MSTG's infringement contentions. (Ex. M, MSTG's 2nd Supp. Rsps. to U.S. Cellular's First Set of Interrogatories, pp. 16-17, 23-24). U.S. Cellular's response to this activity was a letter stating that its CDMA2000 1xRTT network was "neither relevant nor discoverable" in relation to

8

MSTG's claims. (Ex. A). At that point it became clear to MSTG that the instant motion to compel would be necessary.

## IV. CONCLUSION

U.S. Cellular continues to forego its discovery obligations based upon the feigned notion that information relating to its 1xRTT network is somehow not relevant to MSTG's claims in this litigation. There is no support in fact or in law for U.S. Cellular's position on this issue. Meanwhile, U.S. Cellular's unjustified refusal to lift its relevancy objections continues to hamper MSTG's ability to prosecute this case.

For all of the foregoing reasons, MSTG requests an order from the Court compelling U.S. Cellular to: (1) produce all documents in its possession, custody or control in relation to its 1xRTT network which are responsive to MSTG's requests for production, (2) supplement its responses to MSTG's interrogatories with responsive information pertaining to its 1xRTT network, and (3) provide one or more witnesses in response to MSTG's Rule 30(b)(6) notice of deposition of U.S. Cellular who are prepared to testify in relation to U.S. Cellular's 1xRTT network. A Proposed Order has been submitted in accordance with the Court's procedures.

Dated: August 10, 2010

Respectfully submitted,

/s/ Dina M. Hayes
Raymond P. Niro (rniro@nshn.com)
Christopher J. Lee (clee@nshn.com)
Dina M. Hayes (hayes@nshn.com)
David J. Mahalek (mahalek@nshn.com)
Robert A. Conley (rconley@nshn.com)
Joseph A. Culig (culig@nshn.com)
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
***Attorneys for Plaintiff MSTG, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2010 I electronically filed the foregoing **MSTG'S MOTION TO COMPEL U.S. CELLULAR TO PROVIDE DISCOVERY RELATING TO ITS ACCUSED CDMA2000 1xRTT CELLULAR TELECOMMUNICATIONS NETWORK** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for Defendants.

   Richard J. O'Brien (robrien@sidley.com)
   Rachel D. Sher (rsher@sidley.com)
   Sidley & Austin LLP
   One South Dearborn Street
   Chicago, IL 60603
   Tel: 312-853-7000
   Fax: 312-853-7036
   *Attorneys for U.S. Cellular Corporation*
   *d/b/a/ U.S. Cellular*

   Brian C. Bianco (bbianco@sidley.com)
   Douglas I. Lewis (dilewis@sidley.com)
   Lisa A. Schneider (lschneider@sidley.com)
   David T. Pritikin (dpritikin@sidley.com)
   Laura L. Donoghue (ldonoghue@sidley.com)
   Nabeel U. Khan (nkhan@sidley.com)
   Sidley & Austin LLP
   One South Dearborn Street
   Chicago, IL 60603
   Tel: 312-853-7000
   Fax: 312-853-7036
   *Attorneys for AT&T Mobility, LLC*

                                              /s/   Dina M. Hayes