**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| MSTG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08 CV 7411 |
| v. | ) | |
| | ) | Honorable Judge David H. Coar |
| AT&T MOBILITY LLC, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |

**AT&T'S MOTION TO COMPEL DISCOVERY RESPONSES**

Defendant AT&T Mobility LLC ("AT&T") hereby moves the Court to compel Plaintiff

MSTG, Inc. ("MSTG") to fairly and substantively respond to AT&T's First Set of Requests for

Admission (RFAs) and to provide responses to AT&T's Fourth Set of Interrogatories (Nos. 8-

13).

MSTG's responses to AT&T's First RFAs do not "fairly respond to the substance of the

matter" in explaining the basis for denying the RFAs.  Fed. R. Civ. P. 36(a)(4).  Rather, MSTG

flatly denies all of AT&T's RFAs, and MSTG's interrogatory responses make clear that these

denials are based on an improper reinterpretation of the questions presented by AT&T.  AT&T

seeks answers to the RFAs it actually served, not different ones that MSTG would rather answer.

More troubling, in responding to AT&T's interrogatories, MSTG applies fuzzy math and

creative restructuring of AT&T's discovery requests to provide as little information as possible.

Initially, MSTG provided non-responsive answers to AT&T's RFAs and refused to answer

Interrogatory No. 7, contending that it actually comprised 34 interrogatories asking about 34

RFAs.  However, in response to concerns expressed about MSTG's responses to AT&T's RFAs,

MSTG expressly agreed during the meet and confer process to explain the basis for any denial of those RFAs in response to Interrogatory No. 7. After agreeing to substantively respond to the interrogatory, MSTG answered only with respect to the first 19 RFAs (and, even then, simply cut and paste language that had been in its initial responses to the RFAs) and claimed that the limit of 25 interrogatories under the Federal Rules had been reached. MSTG then refused to answer any of the six interrogatories in AT&T's Fourth Set of Interrogatories in its response due that same day.

MSTG should not be allowed to thwart discovery by providing non-responsive answers to RFAs and by refusing to respond to AT&T's interrogatories on the ground that AT&T exceeded the number of allowed interrogatories. This is particularly true where, in the course of meet and confer efforts, MSTG expressly agreed to respond to Interrogatory No. 7. MSTG's gamesmanship is contrary to the spirit and purpose of the Federal Rules and discovery in general. MSTG should be required to (1) respond to the RFAs AT&T actually asked, (2) provide a good faith explanation for why it denies any RFAs, and (3) respond to AT&T's Fourth Set of Interrogatories.

AT&T attempted to meet and confer with MSTG on these issues according to Local Rule 37.2 and MSTG's counsel agreed to speak at 10:00 am on Friday, September 17, 2010. Ex. A, Hayes Sept. 16, 2010 Email to Frey. However, when AT&T's counsel called MSTG's counsel at the scheduled time MSTG's counsel did not answer the phone and did not return AT&T's call. Late on the afternoon of September 17, the last day of discovery, MSTG's counsel responded via email but did not respond to the present issues and did not offer to meet and confer. Ex. I, Hayes Sept. 17, 2010 Email. AT&T had no choice but to file the present motion.

## I.      Background

On August 4, 2010, AT&T served its First Set of Requests for Admission and its Third

Set of Interrogatories to MSTG, Inc., consisting of a single Interrogatory (No. 7). Interrogatory

No. 7 asked MSTG to explain the factual basis for denying any Request for Admission that

MSTG did not admit.

MSTG initially responded to AT&T's Third Set of Interrogatories on September 7.

MSTG claimed that Interrogatory No. 7 was "actually 34 interrogatories corresponding to the 34

requests in AT&T's First Set of Request for Admission" and refused to answer the interrogatory

as allegedly exceeding the number permitted under the Federal Rules. Ex. C, MSTG's Sept. 7,

2010 Objections and Answers to AT&T's Third Set of Interrogatories.

At the same time, MSTG served responses to AT&T's Requests for Admission. These

responses failed to fairly answer the questions AT&T asked. Ex. D, MSTG's Sept. 7, 2010

Responses to AT&T's First Set of Requests for Admission.[1] For example, Request No. 17 asks

MSTG to admit that it disclosed the '936 patent pursuant to certain guidelines of TTA, a 3G

standards-setting organization. MSTG responded that it "is not a member of TTA." But that is

not the question AT&T asked. Ex. B at 12. MSTG did not answer the question posed by

AT&T's RFA, namely, whether MSTG disclosed the '936 patent to TTA or whether it did so

pursuant to TTA guidelines.

After a meet and confer with AT&T, MSTG agreed to amend its responses to AT&T's

Requests for Admission to an unqualified admission or denial. MSTG further agreed to

supplement its response to Interrogatory No. 7 to "explain the basis for any denials." Ex. B, Frey

---

[1] MSTG contends that AT&T's last RFA contains highly confidential information. Because the substance of RFA 34 is not important to the present motion, AT&T has redacted the request and MSTG's response from Exhibits D and F.

3

Sept. 13, 2010 Email to Hayes.  MSTG did not indicate at that time that it considered

Interrogatory No. 7 to be multiple interrogatories or would refuse to answer other pending

interrogatories on that basis.

On September 15, MSTG served amended responses to AT&T's Requests for Admission

and AT&T's Third Set of Interrogatories.  MSTG responded to each and every one of AT&T's

34 Requests for Admission with one word—"denied."   Ex. F.  In its supplemental response to

Interrogatory No. 7 , MSTG again objected to Interrogatory No. 7 as "actually 34

interrogatories."  Ex. E at 5.  MSTG only answered Interrogatory No. 7 with respect to the first

19 RFAs.  For these 19 RFAs, MSTG merely copied the same non-responsive language from its

RFA responses to its interrogatory response.  For example, in responding to Interrogatory No. 7

with respect to Request No. 17 ("MSTG disclosed the '936 patent pursuant to TTA's

Guidelines…"), MSTG answered again that it "is not a member of TTA."  Ex. E at 16.  This

response does not fairly explain the basis for denying Request No. 17 and thus is just as

non-responsive to AT&T's interrogatory as it was to AT&T's RFA.

MSTG also responded on September 15 to AT&T's Fourth Set of Interrogatories, which

had been served on August 13, by flatly refusing to answer these interrogatories because it

supposedly had already answered 25 interrogatories. Ex. G.  The Fourth Set of Interrogatories

contains six interrogatories that almost exactly mirror interrogatories that defendant U.S. Cellular

had previously served on MSTG in the case.  *Compare* Ex. G, Nos. 8-13, *with* Ex. H, U.S.

Cellular's Third Set of Interrogatories, Nos. 10-15.  MSTG had substantively responded to U.S.

Cellular's interrogatories, but U.S. Cellular is no longer a defendant in this case.  Thus, AT&T

served these interrogatories to ensure that MSTG's prior responses would be binding on MSTG

in the ongoing litigation against AT&T and to create a mechanism for addressing deficiencies in

those responses.  AT&T's Fourth Set brought the total number of interrogatories served by

AT&T to 13, far below the limit of 25 imposed by the Federal Rules of Civil Procedure.

## II.      Argument

### A.      AT&T's Third Set of Interrogatories and First Set of Requests for Admission

MSTG should be required to fairly explain why it denied AT&T's Requests for

Admission.  The language MSTG provided, first in its RFA response and later in its response to

Interrogatory No. 7, does not provide a basis for denying the RFAs.  Rather, MSTG chose to

answer questions AT&T did not ask instead of admitting AT&T's RFAs.

Under the Federal Rules, a denial of a request for admission "must fairly respond to the

substance of the matter."  Fed. R. Civ. P. 36(a)(4); *see Frontier-Kemper Constructors, Inc. v. Elk*

*Run Coal Co., Inc.*, 246 F.R.D. 522, 531 (S.D.W.Va. 2007) (cautioning against "[g]amesmanship

in the form of non-responsive answers, vague promises of a future response, or quibbling

objections"), quoting *House v. Giant of Maryland, LLC,* 232 F.R.D. 257, 262 (E.D. Va. 2005).

Courts do not allow a party to avoid answering requests for admission by rewriting them.  *State*

*Farm Mut. Auto. Ins. Co. v. Cordua,* 2010 WL 1223588, *3 (E.D. Pa. 2010) ("Because

Defendants' qualifications focus on the identity of the account holder and not whether

Defendants used the accounts, the responses are evasive.  The Court will not allow Defendants to

make such 'hair-splitting distinctions' that serve no purpose other than to frustrate the purpose of

the RFAs."); *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 2008 WL 2323777, *2 (N.D. Ohio

2008) (RFA responses "must be forthright, specific, and unqualified" and cannot rewrite the

request).

MSTG's response to Interrogatory No. 7 indicates that MSTG did not answer the RFAs

that AT&T served, choosing instead to respond to different requests of its own invention.  After

AT&T informed MSTG that its previous RFA responses did not answer the questions asked and

MSTG agreed to explain the basis for its denials in a supplemental response to Interrogatory No. 7, MSTG simply cut and pasted the same non-responsive language from its RFA responses into Interrogatory 7. Indeed, MSTG gives the same reason for denying each of AT&T's RFAs – that "MSTG is not a member of a Standard Setting Organization ('SSO')" or of TTA (another SSO) – which is a question that AT&T <u>never</u> asked MSTG. Rather, AT&T asked a number of other questions which MSTG chose to disregard, namely whether MSTG is "obligated to license" the patents under non-discriminatory terms (Nos. 1-9); whether MSTG "agreed" to such a license by disclosing the patents to TTA (Nos. 10-15); whether it "disclosed" the patents pursuant to TTA guidelines (Nos. 16-21); and whether it is "obligated not to discriminate" in its licenses (Nos. 22-33). Ex. D. MSTG's "qualified denials" of requests that AT&T did not serve are hardly the "forthright, specific, and unqualified" responses required by Fed. R. Civ. P. 36. *Old Reliable,* 2008 WL 2323777, at *2; *State Farm,* 2010 WL 1223588, at *3. Moreover, MSTG's present response to Interrogatory 7 does not fairly answer why MSTG denied AT&T's RFAs.[2]

Regardless of whether or not Interrogatory No. 7 may be argued by MSTG to contain multiple subparts,[3] MSTG <u>agreed</u> to supplement its response to Interrogatory No. 7 to "explain

---

[2] This Court has recognized that interrogatories asking the reasons for denying requests for admission are a proper and efficient way to narrow issues for trial. *Scandaglia v. TransUnion Interactive, Inc.,* 2010 WL 317518, *5 (N.D. Ill. 2010) ("The purpose of requests to admit is to narrow the scope of issues for trial. Having denied so many of the Plaintiffs' Requests to Admit, TUI has placed these issues in dispute. The Plaintiffs certainly are entitled to discovery regarding the basis for TUI's denials, and conducting this discovery through interrogatory rather than through deposition less costly and time consuming for all parties involved."); *Vergara v. City of Waukegan,* 2007 WL 3334501 (N.D. Ill. 2007) ("It is not uncommon for a party to serve a set of interrogatories that include one or more interrogatories seeking disclosure of the basis for each response to any request for admission which was not admitted without qualification.") (internal citation omitted).

[3] Although some courts interpret an interrogatory asking about RFAs as having multiple subparts, the interrogatory is treated as a single interrogatory where, as here, the party responds with a common basis for denying each RFA, *See In Re Motor Vehicles Canadian Export Antitrust Litig.,* 2007 WL 1296021, *2 (D. Me. 2007) ("I am not convinced that Interrogatory 12 amounted to thirteen additional interrogatories because the basis for the denial of the underlying request for admission in at least three cases required no more of a response than 'see response to Interrogatory No. 8'… The redundancy of the
*(Footnote continued)*

the basis for any denials." Ex. B.  After agreeing to do so, MSTG cannot refuse to answer the

interrogatory with respect to RFAs 20-34 and, more importantly, cannot refuse to provide a

response with respect to RFAs 1-19 that fairly explains the basis for denial and that shows that it

answered the question AT&T asked.  MSTG should provide a fair and complete explanation for

denying the requests AT&T asked, in a supplemental response either to Interrogatory No. 7 or to

the RFAs themselves.

> **B.     AT&T's Fourth Set of Interrogatories**

Regardless of whether Interrogatory No. 7 comprises one or more interrogatories, it is

unreasonable for MSTG to draw an arbitrary line in the sand and refuse to answer any of

AT&T's Fourth Set.  *Protective Optics, Inc. v. Panoptx, Inc.*, 2007 WL 963972, *2 (N.D. Cal.

2007) ("In patent cases in particular, where issues are often more complex than the typical

federal case for which the presumptive limit was developed, leave to exceed 25 interrogatories

may well be appropriate... Accordingly, reasonable parties should stipulate to appropriate

additional interrogatories in a complex case such as this one, rather than engage in motion

practice."); *IOSTAR Corp. v. Stuart,* 2008 WL 1924209, *2 (D. Utah 2008) (requiring "more

than the summary rejection" of interrogatories exceeding 25); *Hertz v. Luzenac Am., Inc.,* 2006

WL 994431, *12 (D. Colo. 2006) ("Luzenac's demand that Lighthart re-serve interrogatories that

were otherwise unobjectionable smacks of gamesmanship.").  AT&T did not serve 24

interrogatories followed by a 25th consisting of hundreds of subparts.  Rather, AT&T served 13

interrogatories, only one of which MSTG claims contains discrete subparts.  AT&T's

interrogatories are reasonable in scope and number and require a substantive response.

---

plaintiff's response reflects the redundancy of the interrogatory.").  Here, MSTG's purported basis for
denying RFAs 1-19 are exactly the same:  "MSTG is not a member of" a SSO.  Although this language
does not answer the requests AT&T asked, it is MSTG's basis for denying all requests, so the
interrogatory should be considered a single interrogatory.  *See id.*

Further, MSTG cannot unilaterally decide that one interrogatory is actually 34 and then partially answer that supposedly burdensome interrogatory <u>instead of</u> other interrogatories. MSTG agreed to supplement its response to Interrogatory No. 7, did not indicate it would answer only part of that interrogatory (as it has attempted to do) and did not indicate it would refuse to answer other pending interrogatories on that basis. *See* Ex. B, Frey Sept. 13, 2010 Email to Hayes. If MSTG believed that Interrogatory No. 7 contained multiple subparts, it should have informed AT&T when it agreed to answer the interrogatory and, further, it should have answered the unobjectionable interrogatories in AT&T's Fourth Set first.

Finally, MSTG cannot claim an undue burden in responding to AT&T's Fourth Set because each of these interrogatories was already served by U.S. Cellular and answered by MSTG. AT&T is simply asking MSTG the same questions that U.S. Cellular asked. Now that U.S. Cellular has settled its claims, AT&T is concerned that MSTG may contend its responses to U.S. Cellular's interrogatories do not apply to AT&T.

## III. Conclusion

MSTG's refusal to answer six of AT&T's 13 interrogatories, or to fairly respond to a seventh, smacks of gamesmanship rather than any legitimate concern under the Federal Rules of Civil Procedure. AT&T is entitled to answers to the RFAs it served, not those of MSTG's invention, and to discovery on the reasons MSTG denied AT&T's requests for admission as well as the other issues raised in AT&T's Fourth Set of Interrogatories.

For the foregoing reasons, AT&T respectfully requests that the Court compel MSTG to respond to AT&T's Fourth Set of Interrogatories. AT&T further requests that the Court compel MSTG to fairly answer the RFAs AT&T served.

Dated: September 17, 2010                    Respectfully submitted,

 /s/ Benedict F. Frey
David T. Pritikin
Douglas I. Lewis
Lisa A. Schneider
Nabeel U. Khan
Benedict F. Frey
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
*Attorneys for AT&T Mobility LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2010, I caused a copy of the foregoing document to be served upon the following counsel of record as indicated below:

**By Electronic Mail**
Raymond P. Niro
Christopher J. Lee
David Joseph Mahalek
Joseph Albert Culig
Robert A Conley
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL 60602
(312) 236-0733
*Attorneys for MSTG, Inc.*

/s/ Benedict F. Frey
*Attorney for AT&T Mobility LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MSTG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08 CV 7411 |
| v. | ) | |
| | ) | Honorable Judge David H. Coar |
| AT&T MOBILITY LLC, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |

**LIST OF EXHIBITS TO DEFENDANT AT&T MOBILITY, LLC'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES
FROM PLAINTIFF MSTG, INC.**

| Ex. No. | Description |
|---|---|
| A. | D. Hayes E-Mail to B. Frey dated Sept. 16, 2010 |
| B. | B. Frey E-Mail to D. Hayes dated Sept. 13, 2010 |
| C. | MSTG's Objections and Answers to AT&T's Third Set of Interrogatories dated Sept. 7, 2010 |
| D. | MSTG's Responses to AT&T's First Set of Requests for Admission dated Sept. 7, 2010 |
| E. | MSTG's Supplemental Response to AT&T's Third Set of Interrogatories dated Sept. 15, 2010 |
| F. | MSTG's Supplemental Response to AT&T's First Set of Requests for Admission dated Sept. 15, 2010 |
| G. | MSTG's Responses to AT&T's Fourth Set of Interrogatories |
| H. | U.S. Cellular's Third Set of Interrogatories to MSTG |
| I. | D. Hayes E-Mail to B. Frey dated Sept. 17, 2010 |