IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MSTG, INC., | |
| Plaintiff, | Case No. 08 C 7411 |
| v. | Honorable Edmond E. Chang |
| | Magistrate Judge Ashman |
| AT&T MOBILITY LLC, | |
| Defendant. | |

## PLAINTIFF MSTG, INC.'S MOTION TO STAY PENDING WRIT OF MANDAMUS

Pursuant to Fed. R. App. P. 8(a)(1)(A), Plaintiff MSTG, Inc. ("MSTG") respectfully moves this Court to stay its Order of June 27, 2011 (Dkt. No. 376) (the "Discovery Order"), in which this Court overruled MSTG's objections to Magistrate Judge Ashman's Order (Dkt. No. 351) compelling MSTG to produce documents relating to settlement discussions.

## I.    INTRODUCTION

MSTG brings this Motion to Stay because it is in the process of preparing a petition for writ of mandamus to the United States Court of Appeals for the Federal Circuit seeking review of the Discovery Order.  MSTG believes that the Discovery Order raises legal issues which have resulted in inconsistent decisions by district courts and which are now ripe for disposition by the Federal Circuit.

Under Federal Rule of Appellate Procedure 8(a)(1)(A), a petitioner seeking a stay of a court's order pending an appeal must first move the District Court for a stay. Fed. R. App. P. 8(a)(1). For that reason, MSTG now asks the Court to stay enforcement of its Discovery Order until the Federal Circuit rules on MSTG's petition and provides guidance, once and for all, on the legal issues raised in the Discovery Order.

## II.   <u>ARGUMENT</u>

MSTG intends to seek a writ of mandamus to prevent the disclosure of settlement communications that were exchanged between MSTG and its licensees (including their litigation counsel) with the expectation of confidentiality. *In re the Regents of the Univ. of Cal.*, 101 F.3d 1386, 1387 (Fed. Cir. 1996) (holding that a writ of mandamus "may be sought to prevent the wrongful exposure of privileged communications."). Mandamus review is also available to "avoid the development of doctrine that would undermine privilege." *In re Regents of the Univ. of Cal.*, 101 F.3d at 1387 (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964)).  Although the Federal Circuit has clearly recognized "the policy in favor of protecting settlement negotiations from being admitted as evidence, thus serving to encourage settlements," *Advanced Cardiovascular Sys. v. Medtronic*, 265 F.3d 1294, 1308 (Fed. Cir. 2001), a number of district courts, including this Court, have interpreted the Federal Circuit's opinion in *ResQNet.com v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010) to permit the discovery of settlement negotiations. MSTG's writ of mandamus will provide the Federal Circuit with an opportunity to reconcile this developing split in the law on this important issue.

The issue is of particular importance in this case since a number of the MSTG's five third-party licensees, and a sixth third-party with whom MSTG entered into a stand-still and option agreement, are either AT&T's direct competitors or handset and other cellular communication equipment suppliers to both AT&T and AT&T's competitors.  Furthermore, one of MSTG's licensees, RPX, involves a consortium of AT&T's competitors and suppliers with indemnity arrangements with AT&T.  What AT&T is seeking through the Discovery Order is the correspondence and other documents between MSTG and these third-party companies and their

counsel leading up to license and settlement agreements. For the reasons articulated in its Objections (Dkt. No. 364) which the Court overruled, MSTG respectfully submits that discovery of these documents is unnecessary and inappropriate, and will only lead to further unnecessary satellite litigation that was not contemplated in the *ResQNet* decision by the Federal Circuit.

MSTG intends to file its writ of mandamus on or before August 2, 2011. However, the Discovery Order requires MSTG to produce the documents at issue by July 14, 2011, and therefore the Federal Circuit will not have an opportunity to grant or deny the writ prior to this Court's deadline. Without a stay from this Court, MSTG would be required to choose between disclosing communications that MSTG and its licensees engaged in with the expectation of complete confidentiality – and that would permanently lose their confidentiality once disclosed -- or not disclosing the communications in violation of the Discovery Order.

In these situations, a stay is appropriate. *See, e.g., Harper & Row Publishers v. Decker*, 423 F.2d 487, 492 (7th Cir. Ill. 1970) ("[A]n appeal after disclosure of the privileged communication is an inadequate remedy."); *HTC Corporation v. IPCom GMBH & Co.*, 1:08-cv-01897, Dkt. No. 226 (D.D.C. Nov. 22, 2010) (staying order requiring disclosure of documents pending Federal Circuit ruling on writ of mandamus); *Diagnostic Systems Corp. v. Symantec Corp.*, 8:06-cv-01211, Dkt. 569, (C.D. Cal. Aug. 22, 2008) (order from proceeding in chambers) (staying order requiring production of documents for 30 days to "give the Federal Circuit time to consider whether to accept the writ of mandamus").

As such, MSTG respectfully asks this Court to allow MSTG to avail itself of the Federal Circuit's review of the Discovery Order and to stay the Discovery Order pending the Federal Circuit's resolution of MSTG's writ of mandamus.

AT&T has stated that it will oppose MSTG's Motion to Stay.

Respectfully submitted,

*/s/ Christopher J. Lee*

Raymond P. Niro (rniro@nshn.com)
Christopher J. Lee (clee@nshn.com)
Dina M. Hayes (hayes@nshn.com)
David J. Mahalek (mahalek@nshn.com)
Robert A. Conley (rconley@nshn.com)
Joseph A. Culig (culig@nshn.com)
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137

Attorneys for MSTG, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 7, 2011, the foregoing

### PLAINTIFF MSTG, INC.'S MOTION TO STAY PENDING WRIT OF MANDAMUS

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

David T. Pritikin (dpritikin@sidley.com)
Douglas I. Lewis (dilewis@sidley.com)
Nabeel U. Khan (nkhan@sidley.com)
Lisa A. Schneider (lschneider @sidley.com)
Benedict F. Frey (bfrey@sidley.com)
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: 312-853-7000
Fax: 312-853-7036

James F. Figliulo (jfigliulo@fslegal.com)
Stephanie D. Jones (sjones@fslegal.com)
Figliulo & Silverman, P.C.
10 South LaSalle Street
Suite 3600
Chicago, IL 60603
Telephone: 312-251-5281
Facsimile: 312-251-4610

*Attorneys for AT&T Mobility, LLC*

*Attorneys for AT&T Mobility, LLC*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

*/s/ Christopher J. Lee*
Attorneys for MSTG, Inc.
NIRO, HALLER & NIRO